UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VASQUEZ<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., WAL-MART, WALMART REALTY COMPANY, COACH DOE, and DOES 1 through 100,<br><br>Defendants. | Case No. 1:23-cv-01142-JLT-BAM<br><br>ORDER DENYING MOTION TO REMAND AND DENYING AS ABANDONED REQUEST FOR LEAVE TO AMEND<br><br>(Doc. 5) |

## I.   PROCEDURAL HISTORY

Jose Vasquez filed a complaint in Madera County Superior Court against Walmart Inc., Walmart, Wal-Mart Realty Company (Defendant) alleging general negligence and premises liability. (Doc. 1.) In addition to Walmart Inc., Plaintiff named Coach Doe and Doe Defendants 1-100 as co-defendants. (Doc. 1-1.) Plaintiff's complaint identified Coach Doe and Doe Defendants 1 - 50 as "agents or employees . . . of the named defendants" that "acted within the scope of the agency or employment" and Doe Defendants 51-100 as "persons whose capacities are unknown." (*Id.* at 4.) Plaintiff explained that "Defendants have failed to adequately disclose information and thus the true names and identities of Does 1 through 100 are unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges that each such Defendant is in some way responsible and liable for the events of happenings alleged in this Complaint." (*Id.* at

1

6.)

Defendant removed the action to federal court pursuant 28 U.S.C. § 1332(a), diversity jurisdiction. (Doc. 1.) Defendant argued the amount controversy was satisfied based on Plaintiff's "Statement of Damages" (Doc.1-2)[1] in which Plaintiff asserted "total damages of not less than $5,000,000.00," (*Id.* at 3) and complete diversity existed between Defendant, a corporation incorporated in Delaware with its principal place of business in Arkansas, and Plaintiff, a Fresno, California resident and California citizen. (*Id*. at 5.) Regarding co-defendants Coach Doe and Does 1-100, Defendant argued § 1441(b)(1) requires the "citizenship of defendants sued under fictitious names shall be disregarded" for removal purposes. (*Id.* at 6.)

On August 29, 2023, Plaintiff filed a motion to remand alleging removal was improper because complete diversity does not exist between the parties. (Doc. 5.) Specifically, Plaintiff argued that "Coach Doe is a California resident and proper party to [the] suit." (*Id.* at 4.) Therefore, the Court lacks diversity jurisdiction. (Doc. 5.) Plaintiff explained that at the time Defendant removed this action "it was aware the Complaint include[d] allegations against all Defendants, including Doe Defendants who managed and operated the premises in question" (*Id.*) and "intentionally . . . withheld[] the name and address of Coach Doe, who was . . . involved in the incident and [a witness] to Plaintiff's injuries." (*Id.* at 5.) Plaintiff also moved for leave to file its first amended complaint pursuant Federal Civil Procedure Rule 15(a)(2), and relatedly requested "an order for [Defendant] to produce the legal name of Coach Doe" so that Plaintiff may identify the Does within the complaint. (*Id.* at 10.)

On September 12, 2023, Defendant filed its Opposition alleging Plaintiff's motion "is substantively without merit, as at the time of removal, *there was (and continues to be) complete diversity between the proper parties.*" (Doc. 9 at 7 (emphasis in original).) Defendant argued that Plaintiff "made no definitive factual allegations as to Coach Doe" and merely "presumes Coach Doe was a California resident at the time of filing." (*Id.*) Therefore, "Coach Doe was fraudulently joined for the sole and improper purpose of defeating diversity jurisdiction." (*Id.*)

---

[1] Plaintiff's complaint did not specify a total amount of damages but indicated the action as "an unlimited civil case" that "exceeds $25,000." (Doc. 1-1 at 3.) Plaintiff's "Statement of Damages" asserted $2,000,000.00 in special damages and $3,000,000.00 in general damages. (Doc. 1-2 at 2.)

On December 15, 2023, this Court imposed a January 26, 2024, deadline for Plaintiff "to identify and name any fictitious defendants by way of an amended complaint."[2] (*See* Doc. 13.) Before the Court is Plaintiff's motion to remand and motion to leave to file an amended complaint. (Doc. 5.)

## II.   LEGAL STANDARD

### A.   Removal

A defendant may remove a state court case to federal court if the case is within the federal court's original subject matter jurisdiction. 28 U.S.C. § 1441(a). A state court action is within the Court's original subject matter jurisdiction if either plaintiff and defendant are diverse in citizenship and the amount in controversy exceeds $75,000 (diversity jurisdiction); or the state court action presents a federal question (federal question jurisdiction). 28 U.S.C. §§ 1331, 1332.

### B.   Federal Diversity Jurisdiction

For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Despite the plain language of § 1441(b)(1), the statute has been construed a general rule. The courts in the Ninth Circuit are split and have not "conclusively addressed the appropriate treatment of fictitiously named defendants described with sufficient particularity to provide a clue as to their actual identity." *Sandoval v. Republic Servs., Inc.*, 2018 WL 1989528, at *3 (C.D. Cal. 2018); *see also Metcalf v. Walmart, Inc.*, No. 1:21-CV-1630-AWI-BAK, 2022 WL 856030, at *2 (E.D. Cal. 2022) (citing *Rojas v. Sea World Parks & Entm't, Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021)). Some courts have held that

---

[2] In addition, the Court required the parties "to meet and confer before that deadline to determine whether the amendment can be accomplished by way of a stipulation" and "attempt to agree as to whether or not the motion to remand will be rendered moot in whole or in part by any such amendment. . .." (*See* Doc. 13.)

3

1  § 1441(b)(1) "language is absolute and forbids consideration of the citizenship of any fictitiously
2  named defendants." *Rojas*, 538 F. Supp. 3d at 1023.  While other courts have held that "the
3  citizenship of fictitiously named defendants may be considered if the 'description of the
4  fictitiously named defendants or their activities is specific enough to suggest their identity,
5  citizenship, or relationship to the action.'"  *Id.* (quoting *Johnson v. Starbucks Corp.*, 475 F. Supp.
6  3d 1080, 1083 (C.D. Cal. 2020); *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp.
7  3d 1029, 1036 (E.D. Cal. 2015)).  "If at any time before final judgment it appears that the district
8  court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

#### A. Motion for Leave to Amend

Within his motion for remand, Plaintiff included a request for leave to amend his complaint for the purpose of providing additional information about a Doe Defendant. (Doc. 5 at 10-11.) Though Plaintiff failed to comply with Local Rule 137(c), which requires counsel to attach a proposed amended complaint when seeking leave to amend, the Court determined "any such amendment of the pleadings may impact the Court's jurisdictional analysis" and extended the parties' joint proposed deadline, December 23, 2023, (*see* Doc. 10) to January 26, 2024. (Doc. 13.) However, Plaintiff failed to file any proposed amended complaint or otherwise indicate why he needs additional time to formulate a response to the Court.  Therefore, the Court will treat the motion to amend as having been abandoned.

#### B. Motion to Remand

Plaintiff asserts the Court lacks diversity jurisdiction because doe-defendants, specifically Coach Doe is a California resident and citizen; therefore, complete diversity does not exist between the parties.  Plaintiff argues that the Court should consider Coach Doe's citizenship because at the time of removal Defendant was aware of the allegations against Defendant's doe-employee, intentionally withheld doe-employee's identity, and with "unclean hands" removed the action to avoid discovery.

Defendant asserts that at the time of removal, it "did not have any information as to the

identity of Coach Doe, let alone Coach Doe's domicile"[3] and argues § 1441(b)(1) requires the Court "to completely disregard" the citizenship of unnamed parties." (Doc. 9 at 10.) Defendant also argues that Plaintiff's complaint did not contain a definite clue as to Coach Doe's identity. Specifically, the complaint "failed to provide a first name to identify the at-issue Doe Defendant that Defendant allegedly employed on the date in question" and "based on the bare bones allegations," Defendant "cannot reasonably or accurately guess which of its managers or supervisors Plaintiff refers to." (*Id.*) Defendant further argues that the Court should ignore Plaintiff's "unsupported allegation" that "a person's place of employment . . . *certainly or even likely* implicate their citizenship status, especially in a state as diverse as California comprised of out-of-state colleges students, immigrants from different countries and multinationals." (*Id.*)

1. § 1441(b)(1)

A review of the caselaw interpreting § 1441(b)(1) and doe defendants reveals that Defendant's characterization of the law is overly simplistic. *See Barnes v. Costco Wholesale Corp.*, No. CV 19-7977-DMG (JPRx), 2019 WL 6608735, at *2 (C.D. Cal. 2019) (citing *Gardiner*, 147 F. Supp. 3d at 1035-36 (The "**seemingly incompatible Ninth Circuit decisions**, a congressional amendment of section 1441(b)(1), and the subsequent vacatur of another series of Ninth Circuit decisions **has made circuit authority governing whether courts may consider the citizenship of fictitious defendants for removal jurisdiction purposes 'unworkable and riddled with exceptions**.'" (Emphasis added.)

Despite Section 1441(b)'s plain language: "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a). . . the citizenship of defendants sued under fictitious names shall be disregarded[;]" district courts within the Ninth Circuit "have split on how to handle 'fictitiously named defendants described with sufficient particularity to provide a clue as to their actual identity.'" *Seanez v. Union Pac. R.R. Co.*, No. 1:21-CV-00553-AWI-HBK, 2021 WL 2379731, at *6 (E.D. Cal. 2021) (internal citations omitted). Some district courts strictly construe the Section's plain language concluding "courts may never consider allegations relating to Doe defendants when assessing diversity for removal purposes." *Id.*; *see*

---

[3] Defendant "employs the term "Coach" as an alternative to manager or supervisor." (Doc. 9 at 10.)

*also Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *4 (C.D. Cal. 2020). While other district courts have considered doe defendant allegations in certain circumstances. *See Gardiner*, 147 F. Supp. 3d at 1036 (O'Neill, J.) (weighing "whether the Plaintiffs' description of Doe defendants or their activities [wa]s specific enough as to suggest their identity, citizenship, or relationship to the action").

The *Gardiner* Court addressed the inconsistencies and formulated a rule statement with several § 1441(b)(1) exceptions. The court ruled that in determining whether doe-defendant's citizenship should be considered, "[t]he question . . . becomes whether the Plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Id.* at 1035-36. Other courts within the Ninth Circuit have also adhered to this exception. *See Sandoval*, 2018 WL 1989528, at *3 (holding that courts should consider Doe Defendants' citizenship especially "when a named defendant knew or should have known the fictitious defendant's identity because that defendant employed the fictitiously named defendant."); *c.f. Gardiner*, 147 F. Supp. 3d at 1036 (declining to consider Doe Defendant's citizenship because "the charges against the Does are so general that no clues exist as to their identity, citizenship, or relationship to the action").

For example, *Collins v. Garfield Beach CVS, LLC*, held that "[f]or a fictitious defendant to be considered, the Complaint must provide a 'definite clue' as to the Defendant's identity." No. CV 17-3375-FMO (GJSX), 2017 WL 2734708, at *2 (C.D. Cal. 2017). The plaintiff's complaint indicated the doe employee's identity, relationship to the action, and citizenship as follows: "(1) the Doe Employee resides in Ventura County, California; (2) the Doe Employee worked at the Costco gas station located at 2001 East Ventura Boulevard, Oxnard, California on April 18, 2017; (3) the Doe Employee would have been in charge of cleaning up gas spills; (4) and the Doe Employee allegedly contributed to Plaintiff's injuries by failing to clean up the spill on which Plaintiff slipped)." The court concluded that plaintiff's complaint contained "definite clues" to identify the doe-employee; therefore, the doe-employee's citizenship should be considered diversity jurisdiction purposes. The court further explained that "when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically

referring to an individual who acted as the company's agent," or "when a named defendant knew or should have known the fictitious defendant's identity because that defendant employed the fictitiously named defendant" the court **should** consider the citizenship of the fictitious defendant. *Id.* (emphasis added).  This rationale was based in policy which finds it "unfair to force plaintiffs from their state court forum into federal court by allowing [a defendant] to plead ignorance about the defendant-employee's identity and citizenship when [a corporate defendant] is in a position to know that information." *Id.*; *Compare Metcalf*, 2022 WL 856030 at *4 (recognizing "Walmart has multiple stores in every state in the country . . . and multiple stores in Bakersfield [but concluding] the Complaint narrow[ed] the field to a specific store and narrows the timeframe to a specific day." Thus, finding complete diversity did not exist.  The *Metcalf* court explained, "[it] cannot imagine that Walmart does not know who manages each of its stores or would have any significant difficulty in checking the records for a particular store on a particular day to see if in fact a woman named 'Liz' worked as some form of supervisor or manager" on the alleged date.)

On the other hand, there are various courts within the Circuit that have strictly construed the language of section 1441(b)(1) and completely disregard the citizenship of doe defendants for diversity jurisdiction purposes.  Defendant's Opposition cited cases such as *Goldsmith*, 2020 WL 1650750, and *Rojas*, 538 F. Supp. 3d at 1023.  (Doc. 9 at 11.)   *Goldsmith* recognized that under the *Gardiner* approach, plaintiff's complaint "appear[ed] to provide a 'reasonable indication' of the [doe defendant's] identity, . . . 'relationship to the action' . . . and 'diversity-destroying citizenship' based on [the] alleged employment." 2020 WL1650750, at *4.  Nevertheless, the court found the "clear language of [section] 1441(b)(1) requires it to disregard the citizenship of the Doe Defendants at this stage."  *Id*.  In *Rojas*, plaintiff's motion to remand was denied for similar reasons.  538 F. Supp. 3d at 1014, 1023 (concluding "the text of Section 1441 to be clear, [despite] district courts within the Ninth Circuit have applied it in an unclear manner[;]" thereby, finding "that not only is the plain language of Section 1441(b) clear in mandating that courts should disregard the citizenship of ficticous defendants when evaluating whether diversity jurisdiction exists on a motion to remand, but the legislative history corroborates and confirms this conclusion.")

Though there is caselaw supporting both parties' arguments, many courts[4] strictly construe section 1441(b)(1) and disregard fictitious defendants for diversity jurisdiction and removal purposes.[5] *See Rojas*, 538 F. Supp. 3d at 1023 (finding the statute's plain language and legislative history mandate courts to disregard "the citizenship of fictious defendants when evaluating whether diversity jurisdiction exists on a motion to remand.") Accordingly, Coach Doe's citizenship is disregarded for diversity jurisdiction purposes. Thus, diversity is not destroyed by the inclusion of Coach Doe in the complaint and, resultingly, the motion to remand must be **DENIED**.

**C.     Fraudulent Joinder Exception**

Because the Court finds the Doe diversity jurisdiction under the circumstances, it declines to address Defendant's alternative arguments about fraudulent joinder.

## CONCLUSION

For reasons discussed, the Court disregards Coach Doe's citizenship for removal and diversity jurisdiction purposes and finds removal was proper. Accordingly, the Court **ORDERS**:

---

[4] *Rojas*, 538 F. Supp. 3d at 1022 ("Courts in the Southern District have consistently held that courts should not consider doe defendants when ruling on a motion to remand.")

[5] The Court acknowledges that Plaintiff's case appears analogous to *Collins* and subject to the same policy-driven rationale that governed the *Collins's* holding: It would be "unfair to force Plaintiff from [its] chosen forum into federal court by allowing [Defendant] to plead ignorance about the defendant-employee's identity" when it "was in a position to know that information." *Collins*, 2017 WL 2734708, at *2; *see also Sandoval*, 2018 WL 1989528, at *3. Just as in *Collins*, Plaintiff plainly alleges a reasonable indication of Coach Doe's identity, relationship to the action, and citizenship. Even if Plaintiff's complaint did not provide as much detail as Collins, Plaintiff's complaint asserted Coach Doe's relation to this action and provided a reasonable indication of Coach Doe's identity and plausible citizenship. The complaint stated Coach Doe was employed by Defendant and working on the Walmart premises located on 1977 W. Cleveland Ave in Madera, California on or about March 2, 2021. (*See* Doc. 1-1 at 6-7.) Plaintiff also asserted Coach Doe was functioning in his official job capacity, performing job-related duties, and allegedly spoke to Plaintiff at the time of the incident. (*Id.*) Though Plaintiff's complaint lacked some specificities, it did contain a "definite clue" as to Coach Doe's identity. *See Collins*, 2017 WL 2734708, at *2. The allegations against Coach Doe were not so general that no clues existed to his or her identity, relationship to the action, and "diversity-destroying citizenship." *Seanez*, 2021 WL 2379731, at *6 (quoting *Gardiner*, 147 F. Supp. 3d at 1036; *Robinson v. Lowe's Home Ctrs., LLC*, 2015 WL 13236883 (E.D. Cal., 2015) (O'Neill, J)). Furthermore, Defendant's argument stating it was unaware of Coach Doe's existence is unpersuasive. The complaint plainly stated "Defendant[s] have failed to adequately disclose information and thus the true names and identities of Does 1 through 100 are unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges that each such Defendant is in some way responsible and liable for the events of happenings alleged in this Complaint." (Doc. 1-1 at 4.) Considering the complaint alone, Defendant was aware of Coach Doe's existence at the time of removal. However, unlike the circumstances in *Collins*, this Court provided Plaintiff additional time to seek additional information about Doe Defendants and identify any fictitious defendants by means of an amended complaint. (*See* Case 1:23-cv-1142, Minute Order 13.) Plaintiff failed to file an amended complaint and failed to provide any additional information regarding the Doe Defendants' identities.

1. Plaintiff's motion to remand and leave to amend (Doc. 5) is DENIED.

IT IS SO ORDERED.

Dated: __March 6, 2024__

_____
UNITED STATES DISTRICT JUDGE